UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                Plaintiff,

-against-

THE NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION; DANIEL
MUNDY, M.D. - DIRECTOR OF
MANHATTAN FORENSIC PSYCHIATRIC
COURT CLINIC; JONATHAN WEISS, M.D.;
DANIEL HUPERT, ATTORNEY AT LAW,

                Defendants.

21-CV-6720 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently detained in the Bellevue Hospital Prison Ward, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated September 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

       The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the New York City Health and Hospitals Corporation, currently NYC Health + Hospitals ("H+H"); Dr. Daniel Mundy, Director of Manhattan Forensic

Psychiatric Court Clinic; Dr. Jonathan Weiss; and Daniel Hupert, an attorney appointed to represent Plaintiff in his criminal proceedings. The following allegations are taken from the complaint, which is not a model of clarity, and the more than 110 pages of various documents that Plaintiff attaches to the complaint.

On April 9, 2019, Plaintiff was charged in the New York Supreme Court, New York County, with burglary in the first degree; arson in the second degree; unlawful imprisonment in the first degree; burglary in the second degree; and reckless endangerment in the first degree. (*See* ECF 2-2, at 12, 15, 17.) All charges arose from events that occurred on March 6, 2019.

Plaintiff alleges that between April 24, 2019, and August 7, 2019, the date on which Plaintiff was subjected to an examination under Article 730 of New York Criminal Procedure Law ("CPL"), his attorney, Defendant Hupert, failed to file motions that were requested by Plaintiff, including a motion under CPL 210.40 for dismissal of the charges in the furtherance of justice. (ECF 2, at 3.)

In the course of Plaintiff's criminal proceedings, New York State Supreme Court Justice Curtis J. Farber directed that Plaintiff undergo a competency exam under CPL § 730. Pursuant to Justice Farber's order, Defendants Dr. Mundy and Dr. Weiss conducted an Article 730 examination of Plaintiff on or around September 20, 2019. (*See* ECF 2-5, at 11.)

Plaintiff alleges that Dr. Mundy made a number of "falsified," "forged," or "discrepant" statements in his Article 730 exam report. (ECF 2, at 4.) For example, on page 8 of the report under the heading, "Relevant Background (Psychiatric, Psychosocial, Substance Use, Medical, Legal)," Dr. Mundy wrote that "the majority of the information contained herein was obtained from [Plaintiff's] medical records." Plaintiff maintains that this statement "disproves that any objective expert evaluation was performed to generate [Mundy's] findings of (Unfit to Proceed)

3

in court." (*Id.*) Dr. Mundy also made a "gross false statement" when he indicated that Plaintiff's attorney was present, presumably during the Article 730 exam, "[w]hile Bellevue Hospital Center and Correctional visiting records and video camera recordings of this date disproves Mr. Hupert's presence during this evaluation." (*Id.*) Plaintiff appears to maintain that Dr. Mundy's listing of Plaintiff's diagnosis as "Unspecified Schizophrenia and other Psychotic Disorder (F29)" in the report is incorrect because "Plaintiff's demonstration of mania during the examination . . . clearly contradicts [Mundy's] stated diagnoses (F29) above, omitting a Bipolar disorder." (*Id.* at 5.) Plaintiff further alleges that Dr. Mundy's Article 730 examination report is "concluded . . . without being authenticated by his signature as required by laws to legally validate this instrument in court." (*Id.* at 6; *see also* ECF 2-5, at 8.) Plaintiff asserts that the lack of a wet signature "may also be construed as a clear admission of guilt in falsifying legal documents, incriminating him of Psychiatric Malpractice and medical malfeasance." (ECF 2, at 6.)

Plaintiff further alleges that the Article 730 examination report conducted by Dr. Weiss "also provides conclusive evidence of doctoring or falsifying legal instruments for the Court." (*Id.*) For example, Plaintiff challenges two statements by Dr. Weiss indicating that Plaintiff had previously "eloped" from treatment at New York-Presbyterian Hospital and Bellevue Hospital. Plaintiff maintains that these "are impossible statements contradicted by [Weiss's] following paragraph [which states] that 'from February 10 to 22, 2019 Mr. Nieves was admitted to Bellevue for psychiatric reasons after an attempt to kill himself by burning himself in the bathroom of an office building.'" (*Id.* at 7). Plaintiff also alleges that Dr. Weiss's report was not properly signed. (*Id.* at 8; *see also* ECF 2-4, at 4.)

Plaintiff requests money damages as well as an array of injunctive relief, including injunctive relief "in the form of expunging the 730 examination reports [and] the Unfit to Proceed record" and to "reverse the approximate 8-months . . . lost against Court proceedings, causing this time period to be excludable from Speedy Trial time." (ECF 2, at 8.) Plaintiff further seeks an order "restrain[ing] corrupt officials of the Office of Mental Health, Health + Hospitals Corporation from misdiagnosing and mismedicating the Plaintiff over his objection, performing Electro Convulsive Shock Therapy, and/or falsely imprisoning" Plaintiff. (*Id.*)

Documents filed by Plaintiff show that on April 13, 2020, Plaintiff was determined to be "no longer an incapacitated person" and therefore fit to proceed with his criminal case. (ECF 2-4, at 24, 25-30.) Public records maintained by the New York State Unified Court System show that Plaintiff is next scheduled to appear before Justice Best on September 13, 2021.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.  **Claims against Hubert**

The Court must dismiss Plaintiff's claims against Hubert. A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances

5

suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of section 1983). As Defendant Hubert is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims against H+H**

H+H is a public benefit corporation that is created by state law and may be sued. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1). When a plaintiff sues H+H under section 1983, it is not enough for the plaintiff to allege that H+H's employees or agents engaged in some wrongdoing. The plaintiff must show that H+H itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against H+H under section 1983, the plaintiff must allege facts showing (1) the existence of an H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v.*

*Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for section 1983 municipal liability to H+H).

Plaintiff has alleged no facts suggesting that a policy, custom, or practice of H+H caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under section 1983 against H+H for failure to state claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  **Claims against Mundy and Weiss**

"A private actor may be afforded the absolute immunity ordinarily accorded judges acting within the scope of their jurisdictions if his role is functionally comparable to that of a judge, . . . or if the private actor's acts are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (internal citations and quotation marks omitted). For example, immunity may attach to non-judicial officers and employees where the individual serves as an "arm of the court," *Scotto v. Almenas*, 143 F.3d 105, 111 (2d Cir. 1998) (quoting *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987)), or where the individual conducts "activities that are inexorably connected with the execution of [court] procedures and are analogous to judicial action," *id.* (quoting *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996)). *See also Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (discussing the extension of absolute immunity "to certain others who perform functions closely associated with the judicial process"). Courts in this Circuit have applied quasi-judicial immunity to medical professionals who conduct court-ordered examinations and prepare reports pertaining to a defendant's competency to stand trial. *See Walton v. Rubel*, No. 16-CV-1989, 2018 WL 3369664, at *3 (E.D.N.Y. July 10, 2018) (collecting cases); *Inesti v. Hicks*, No. 11-CV-2596, 2012 WL 2362626, at *16 (S.D.N.Y. June 22, 2012), *report and recommendation adopted sub nom. Inesti v. Hagan*, 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012); *McKnight v. Middleton*, 699

F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Absolute immunity has extended to . . . court-appointed doctors and psychiatrists . . . ."), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) (summary order).

Plaintiff's claims against Mundy and Weiss arise from their involvement in conducting a court-ordered psychiatric evaluation under CPL § 730. (*See* ECF 2-5, at 11 (CPL Article 730 cover sheet stating that on September 20, 2019, by order of Justice Farber, Dr. Mundy and Dr. Weiss conducted an Article 730 exam of Plaintiff)). Because Plaintiff's claims against Dr. Mundy and Dr. Weiss arise from actions they took in connection with court-ordered competency proceedings, those defendants are immune from suit, and the Court therefore dismisses Plaintiff's claims against them. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.**  *Younger* **abstention**

To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff's state court criminal proceedings are ongoing, and public records maintained by the New York State United Court System show that Plaintiff is scheduled to appear next before Justice Best on September 13, 2021. *See also Nieves v. Farber*, ECF 1:20-CV-0990, 37 (S.D.N.Y. July 28, 2021) (memo endorsement granting City of New York's request for a continued stay of Plaintiff's civil action pending resolution of his criminal proceedings and ordering a status

update by December 1, 2021). Plaintiff alleges no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses those claims for injunctive relief.

**E.     State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**F.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted and for seeking relief against a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court denies Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's request for an order to show cause (ECF 4) and application for the Court to request counsel (ECF 6) as moot.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 17, 2021
        New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                      Chief United States District Judge